JOURNAL ENTRY AND OPINION
The appellant, Albert Spann Jr., appeals the decision of the trial court finding that he was likely to commit another sexually oriented offense and classifying him as a sexual predator at the conclusion of his sexual predator hearing.
On July 30, 1980, the appellant was indicted in Case No. CR56229 on two counts of kidnapping, in violation of R.C. 2905.01, and eight counts of rape, in violation of R.C. 2907.02. On March 10, 1981, the appellant pled guilty to one count of kidnapping and one count of rape. The trial court sentenced the appellant to a term of four to twenty-five years of incarceration on each count, to be served concurrently.
On January 22, 1981, the appellant was indicted in Case No. CR161009 on one count of attempted murder, in violation of R.C. 2903.02 and 2923.02, and one count of possessing criminal tools, in violation of R.C.2923.24. On March 10, 1981, the appellant pled guilty to the lesser included charge of felonious assault, in violation of R.C. 2903.11. The trial court sentenced the appellant to a term of two to fifteen years of incarceration.
On January 22, 1981, the appellant was indicted in Case No. CR162009 on one count of abduction, in violation of R.C. 2905.02. On March 10, 1981, the appellant pled guilty to the indictment. The trial court sentenced the appellant to a term of two to fifteen years of incarceration.
On February 4, 1981, the appellant was indicted in Case No. CR162011 on one count of kidnapping, in violation of R.C. 2905.01, three counts of rape, in violation of R.C. 2907.02, and one count of aggravated robbery, in violation of R.C. 2911.01. On March 10, 1981, the appellant pled guilty to three counts of rape. The trial court sentenced the appellant to a term of four to twenty-five years of incarceration. The trial court ordered all of the appellant's sentences to be served concurrently.
On January 21, 2000, the State filed a request for pursuit of sexual predator adjudication. On May 9, 2000, the trial court conducted a sexual predator classification hearing pursuant to R.C. 2950.09(C). At the hearing, the State presented the statement of the victim in Case No. CR162009. The victim stated that she was accosted by the appellant at a bus stop and forced to accompany him to his apartment. The appellant then attempted to convince the victim to resume their prior relationship and began to hug her and tell her how much he loved her. The appellant's mother then entered the apartment and escorted the victim out of the apartment.
The State further presented the statement of the victim from Case No. CR162011. In this case, the victim stated that the appellant and his co-defendant kidnaped the victim at knife point and forced her into her own car. After driving for some time, the appellant went into the back seat with the victim and forced her to perform oral sex. The appellant and the co-defendant subsequently raped the victim and then left her on the side of the freeway.
The State next presented the statements of the victim from Case No. CR56229 in which the appellant and co-defendant picked up the victim and her friend at a bar. The victim offered the appellant and his co-defendant a ride home after the bar closed. The appellant then forced the victim to drive to a secluded location where the appellant raped the victim three times while the co-defendant raped her friend. The appellant and co-defendant then switched victims, and the appellant then raped the other victim once.
Further, the State presented to the trial court the appellant's Madison Correctional Institution Sex Offender Assessment, dated December 2, 1996. This assessment was prepared by David E. Ellis, M.A., Psychology Supervisor, and Sandra A.C. Los, M.A., Psychology Assistant. The report classified the appellant as a power rapist and stated that he is at a high risk for re-offending. The report further stated that the appellant denies his guilt for these crimes and blames all of the incidents on his brother, his co-defendant.
Another Clinical Risk Assessment was produced from March 26, 1999 by Patty Callahan, M.A. for the Ohio Parole Board. This report stated that the appellant presents a significant number of risk indicators associated with sexual and/or violent re-offending. Mr. Spann [appellant] reports a history of alcohol and marijuana abuse and there is evidence that he was most likely under the influence of alcohol when committing one of the rapes based on the fact two of his victims were picked up at the bar. The assessment concluded that the appellant was in total denial of committing these sex offenses, and yet the assessment concluded that his parole plan seemed feasible.
The trial court, upon review of the evidence presented, determined that the appellant, Mr. Spann, should be classified as a sexual predator. The trial court stated that [H]e has been assessed as a high risk for recidivism for this and as a power rapist. There were multiple victims. It was a gang rape. Cruelty was displayed and threats. Weapons were used. Alcohol was used.
The appellant appeals the trial court's classification and asserts the following assignments of error:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 III. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMICALLY FLAWED.
Appellant's second and third assignments of error raise constitutional issues that the Ohio Supreme Court has already resolved in State v. Williams (2000), 88 Ohio St.3d 513, and which this court has resolved in State v. Ward (1999), 130 Ohio App.3d 551, 720 N.E.2d 603. Therefore, appellant's second and third assignments of error are without merit.
In appellant's first assignment of error, he contends that there was insufficient evidence presented at the sexual predator hearing to prove by a clear and convincing standard that he is likely to engage in the future in one or more sexually oriented offenses. Appellant's first assignment of error is without merit.
A sexual predator has been defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). This court, in Ward, stated that the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future. Ward, 130 Ohio App.3d at 559.
To help the court determine whether a person should be classified as a sexual predator, the court must take into considerationall relevant factors, including those listed in R.C. 2950.09(B)(2). The statute does not require the court list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings. Cook, 83 Ohio St.3d at 426.
At the appellant's sexual predator hearing, the State argued that the appellant had pled guilty to one count of kidnapping and one count of rape in one case; one count of abduction in another case; and three counts of rape in yet another case. The State presented statements from the victims describing the force used and describing in graphic detail what the appellant did to each of his victims.
In addition, the trial court reviewed a sex offender assessment and a clinical risk assessment, prepared in December 1996 and March of 1999, respectively. Both of these reports noted the appellant's failure to take responsibility for the incidents that occurred and both determined him to be at a high risk for re-offending. The appellant was further categorized as a power rapist in the December 1996 sex offender assessment.
This court, after a review of the record, finds that the trial court had sufficient evidence to establish by a clear and convincing standard that the appellant was likely to engage in the future in one or more sexually oriented offenses.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________________ FRANK D. CELEBREZZE, JR., PRESIDING JUDGE:
JAMES J. SWEENEY, J., AND COLLEEN CONWAY COONEY, J., CONCUR.